IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES R. WOODARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H – 02 – 4970 |
| | § | |
| MOBIL CORPORATION EMPLOYEE SEVERANCE PLAN, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Reconsider (Doc. #38). The Motion was previously denied. Upon reconsideration, the Motion is **GRANTED**.

### I.   BACKGROUND

Plaintiff filed this action for plan benefits pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Plaintiff alleges he is entitled to severance benefits under the Mobil Corporation Employee Severance Plan ("the Plan") pursuant to 29 U.S.C. § 1132(a)(1)(B), or, in the alternative, pursuant to 29 U.S.C. § 1132(a)(3).

Defendants moved for summary judgment on both claims. Judge Gilmore dismissed the § 1132(a)(1)(B) claim, finding that Plaintiff was not entitled to severance benefits because he did not suffer a severance as defined by the Plan. However, Judge Gilmore ruled that judgment on Plaintiff's § 1132(a)(3) claim could not be determined as a matter of law.

Defendants filed a Motion to Reconsider Order Denying in Part Defendants' Motion for Summary Judgment. Defendants argue, among other things, that Judge Gilmore's conclusion that Plaintiff's § 1132(a)(3) claim is viable because Plaintiff was ineligible for relief under §

1132(a)(1)(B) was clear error under Fifth Circuit law. The Motion to Reconsider was denied. Defendants filed a motion to certify this question to the Fifth Circuit, the Motion to Certify was also denied.

This case was subsequently transferred to the present Court. At a status conference, Defendants re-urged their Motion for Reconsideration. Because the Court is persuaded by Defendants' argument that there is clear error in the conclusion "that the simple fact that Plaintiff Woodard was *ineligible* for relief under § 1132(a)(1)(B) *does* make his claim under § 1132(a)(3) viable,"[1] the Motion for Reconsideration is **GRANTED**.

## II.   MOTION TO RECONSIDER

Section 1132(a)(1)(B) allows a participant or beneficiary to bring a civil action to recover benefits due *to* him under the terms of his employee benefit plan. 29 U.S.C. § 1132(a)(1)(B). Section 1132(a)(3) allows a participant, beneficiary, or fiduciary to bring a civil action to obtain other appropriate equitable relief to enforce any terms of his plan. 29 U.S.C. § 1132(a)(3). Section 1132(a)(3) operates as a catchall provision. *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). It acts as a "safety net" by providing appropriate equitable relief for injuries caused by violations that § 1132 does not adequately remedy elsewhere. *Id.*

The question before the Court is whether Plaintiff's § 1132(a)(3) claim must be denied as a matter of law because he brought a claim under § 1132(a)(1)(B). The Court finds that *Tolson v. Avondale Industries, Inc.*, 141 F.3d 604 (5th Cir. 1998), is directly on point. *Tolson* involved a plaintiff-appellant who sought medical and disability benefits, under two ERISA plans, for his depression. *Id.* Like Plaintiff here, Tolson asserted alternative claims for benefits under § 1132(a)(1) and § 1132(a)(3). The district court denied Tolson's claim under § 1132(a)(1). The

---

[1] Order of March 16, 2004, at 30.

Fifth Circuit affirmed, finding that the plan administrator's denial of benefits was a legally correct interpretation of the plan. *Id.* at 609.

The district court also denied Tolson's § 1132(a)(3) claim, holding that relief under § 1132(a)(3) is inappropriate because redress for his claim was available elsewhere, specifically, through his right to bring a suit under § 1132(a)(1). *Id.* at 610. The Fifth Circuit affirmed the district court's decision and adopted its analysis. The Fifth Circuit held:

> Because Tolson has adequate redress for disavowed claims through his right to bring suit pursuant to section 1132(a)(1), he has no claim for breach of fiduciary duty under section 1132(a)(3). . . . Because Tolson has adequate relief available for the alleged improper denial of benefits through his right to sue the Plans directly under section 1132(a)(1), relief through the application of [s]ection 1132(a)(3) would be inappropriate.
>
> . . . Tolson was the beneficiary of two viable plans whom [sic] he had standing to sue and did sue. Further, both Plans are viable and before the Court. Because this relief was available and, indeed, utilized, it would be inappropriate for the Court to fashion any further equitable relief under [s]ection 1132(a)(3). The simple fact that Tolson did not prevail on his claim under section 1132(a)(1) does not make his alternative claim under section 1132(a)(3) viable.

*Id.* (citations omitted).

In denying Defendants' Motion for Summary Judgment on the § 1132(a)(3) claim, Judge Gilmore stated that Plaintiff was "*ineligible*" for relief under § 1132(a)(1)(B)" and had "no remedy at law under § 1132(a)(1)(B)," and therefore could maintain a claim under § 1132(a)(3).[2] This is clear error because it confused Plaintiff's "eligibility" for benefits under the Plan with his ability to pursue a claim under § 1132(a)(1)(B). The fact that Plaintiff's § 1132(a)(1)(B) claim was denied does not mean that he had no remedy at law. The relief that was available to Plaintiff was his ability to bring a claim under § 1132(a)(1)(B) to recover benefits that he believed were owed to him. The denial of Plaintiff's § 1132(a)(1)(B) claim does not therefore provide him with a claim under § 1132(a)(3).

---

[2] Order of March 16, 2004, at 30.

3

Because Plaintiff had the right to, and did, assert a claim "to recover benefits due to him under the terms of his plan," 29 U.S.C. § 1132(a)(1)(B), his claim under § 1132(a)(3) is denied as a matter of law. *See Estate of Bratton v. National Union Fire Ins. Co.*, 215 F.3d 516, 526 (5th Cir. 2000) (dismissing claim for benefits under § 1132(a)(3) because an adequate remedy was *available* under § 1132(a)(1)(B), even though the § 1132(a)(1)(B) claim was also dismissed).

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Reconsider (Doc. #38) is **GRANTED**. Defendants are entitled to summary judgment on Plaintiff's § 1132(a)(3) claim. Plaintiff's claim under § 1132(a)(3) is hereby **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

SIGNED this 11th day of April, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**